# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES MERKLINGHAUS,<br><br>                Respondent,<br><br>     v.<br><br>MIKE BRACKEN, RITA SPENCER<br>AKA LARITA SPENCER,<br><br>                Appellants. | No. 77209-1-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION<br><br>FILED:  NOV 19 2018 |

PER CURIAM. Larita Spencer and Michael Bracken (Spencer) appeal the judgment and writ of restitution in an unlawful detainer action. Finding no error, we affirm.

## FACTS

On April 1, 2013, Spencer executed a one-year lease for an apartment owned by James Merklinghaus. Spencer did not renew the lease and, after April 1, 2014, lived in the apartment on a month-to-month tenancy.

On June 8, 2017, Merklinghaus served Spencer with a 20-day notice to vacate, terminating the month-to-month tenancy as of June 30. Spencer did not vacate the apartment, and on July 6, 2017, Merklinghaus filed an unlawful detainer action.[1] A show cause hearing was scheduled for July 18, 2017 but was rescheduled for July 31, 2017 because Merklinghaus was initially unable to serve

---

[1] RCW 59.12.030(2) states that a "month-to-month" tenant is guilty of unlawful detainer when the tenant continues in possession of leased property beyond the end of the month following the landlord's notice to vacate. The provision requires that the landlord serve notice to vacate more than 20 days prior to the end of the month for which the tenant must quit the premises.

Spencer with the summons and complaint.[2] At the show cause hearing, the trial court entered a judgment in favor of Merklinghaus and ordered a writ of restitution. Spencer appeals.

## DECISION

This court reviews a trial court's findings of fact in an unlawful detainer action for substantial evidence. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). Unchallenged findings of fact are verities on appeal. Pham, 187 Wn. App. at 825. We review conclusions of law de novo. Pham, 187 Wn. App. at 825.

Spencer has not supported any of their assertions with relevant legal authority or citation to the record. This court need not consider arguments that the appellant has not supported by pertinent authority, references to the record, or meaningful analysis. RAP 10.3(a); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989). We address Spencer's claims to the extent possible given the limits of the record and the legal analysis.

Spencer first claims that they "did not receive a fair hearing" because they received the order scheduling the show cause hearing on July 21, 2017 but "[t]he date for written response and a request for trial had already expired on July 20, 2017."[3] But Spencer appeared at the show cause hearing and submitted a 78-

---

[2] Merklinghaus ultimately obtained an order for alternative service pursuant to RCW 59.18.055.

[3] It is unclear to what Spencer is referring. The order setting the show cause hearing does not contain a date for a response. The summons, on the other hand, requires that any written response be received by July 17, 2017.

No. 77209-1-I/3

page written response, which was reviewed and considered by the trial court. Spencer does not demonstrate that they were deprived of a fair hearing.[4]

Spencer next appears to argue that the trial court denied them the opportunity to present evidence at the show cause hearing. Spencer contends that they entered into a verbal agreement with Merklinghaus in which they would pay a higher monthly rent in exchange for Merklinghaus making repairs to the carpet and deck. They argue that they "entered with courtroom with five 'witnesses' [and] three of the witnesses could have testified in favor of the verbal contractual agreement and repairs." But Spencer does not claim that the trial court did not permit the witnesses to testify. And any mention of these witnesses is absent from the verbatim report of proceedings.

Spencer next argues that Merklinghaus "took advantage of the Appellants by presenting documentation and a list of witnesses to the courts without providing the same documentation and list of names to the Appellants." But again Spencer does not identify what it was that they did not receive, nor how such an alleged failure constitutes reversible error.

Finally, Spencer argues that Merklinghaus's attorney engaged in ex parte contact with the trial court. But Spencer's failure to identify any evidence of ex parte contact in the record precludes appellate review.

_____

[4] Spencer also argues that the caption in the order setting the show cause hearing incorrectly reflected the county as Pierce rather than King. The record does not support this claim. While the order granting alternative service reflected the incorrect county in the header, the order setting the show cause hearing did not.

No. 77209-1-I/4

Affirmed.[5]

For the Court:

_____  Mann, ACJ

_____  Chun J

_____

---

[5] On October 24, 2018, the court administrator/clerk denied Merklinghuas's motion on the merits and granted his motion for accelerated review. On November 9, 2018, Spencer filed a "Motion for Time" requesting time to respond to the motion for accelerated review. The motion is denied.